**Charles WELLNER, Plaintiff–Appellant,**

v.

**TOWN OF WESTPORT, Westport Police Department, Defendants–Appellees.**

**Docket No. 01–9031.**

United States Court of Appeals, Second Circuit.

May 14, 2002.

Thomas W. Bucci, Willinger, Willinger & Bucci, Bridgeport, CT, for Appellant.

Ralph W. Johnson, III, Halloran & Sage, Hartford, CT, for Appellees.

Present NEWMAN, KEARSE and LEVAL, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Charles Wellner appeals from a judgment of the United States District Court for the District of Connecticut, Ger-ard L. Goettel, *Judge,* dismissing, on summary judgment, his complaint alleging that defendants Town of Westport and its police department refused to hire him as a special police officer in violation of, *inter alia,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and state law. Finding no error, we affirm.

Under the analytical scheme established for employment discrimination cases by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), if a plaintiff makes out a prima facie case of prohibited discrimination, the burden shifts to the defendant to adduce admissible evidence of a legitimate, nondiscriminatory reason sufficient to support a finding by a rational trier of fact that the alleged discrimination was not a cause of the challenged employment action, *see id.* at 802, 93 S.Ct. 1817; *Heyman v. Queens Village Committee for Mental Health for Jamaica Community Adolescent Program, Inc.,* 198 F.3d 68, 72 (2d Cir.1999) *("Heyman")* (applying *McDonnell Douglas* analysis to claims asserted under the ADA). If such evidence is adduced by the defendant, the plaintiff then must show that discrimination was more likely than not a motivating factor in the adverse employment action. *See, e.g., McDonnell Douglas,* 411 U.S. at 805, 93 S.Ct. 1817; *Heyman,* 198 F.3d at 72. If the plaintiff is unable to rebut the defendant's reason, summary judgment may be granted in favor of the defendant. *See, e.g., James v. New York Racing Ass'n,* 233 F.3d 149, 154 (2d Cir.2000).

The Connecticut Supreme Court has adopted the *McDonnell Douglas* burden-shifting analysis for employment discrimination claims brought pursuant to the Connecticut Fair Employment Practices Act. *See, e.g., Ann Howard's Apricots Restaurant, Inc. v. Commission on Human Rights and Opportunities,* 237 Conn. 209, 224–26, 676 A.2d 844, 853–54 (1996).

In the present case, summary judgment was properly granted in favor of defendants on the federal ADA claim. Wellner failed to present evidence sufficient to support a finding that he meets the statutory definition of disability—"a physical or mental impairment that substantially limits one or more of the major life activities of [the] individual," 42 U.S.C. § 12102(2)(A).

Even if Wellner had presented a prima facie case of disability sufficient for an ADA claim, and even if his state law disability claim may be sustained, as he contends, on a lesser showing of disability, defendants were entitled to summary judgment dismissing both claims. They proffered undisputed evidence that their background investigation of Wellner presented serious questions as to his fitness to serve as a police officer, pointing to evidence that, *inter alia,* Wellner had been involved in incidents for which the police were called to his home; that in one such incident Wellner's juvenile son was found in possession of Wellner's gun; that defendants' investigator concluded that on another occasion Wellner had exercised bad judgment in making an arrest after a BB gun incident involving two of his family members; that while a police officer in Norwalk, Connecticut, Wellner went on leave for a claimed disability but took a physical agility test for a job at another police department; and that Wellner had, *inter alia,* lied to a superior officer, slept on the job, and smoked marijuana. Although there is a dispute as to whether defendants knew of these incidents even prior to hiring Wellner as a traffic agent in 1996, there is no genuine dispute that in their 1998 background ι̇check, defendants learned of a psychological evaluation of Wellner in 1997 that concluded that he was "defensive, angry, suspicious and rigid in his thinking" and only marginally fit to be a police officer.

Wellner contends that the defendants were motivated to reject him as a police officer because of his prior litigation history, which he contends is an impermissible factor to be considered. Whether or not that factor is impermissible, a matter we need not decide, the overwhelming adverse evidence revealed by his background investigation was such that no reasonable jury could fail to find that the defendants would have rejected him as a police officer on the basis of the background investigation alone. *See Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (outlining defendant's burden in dual motivation case).

In sum, all of Wellner's claims were properly dismissed.

We have considered all of Wellner's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.